# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA BILLINGS DIVISION

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| **JOELEE NOELL HOOVER** | Case Number: CR 25-32-BLG-SPW-1 |
| | USM Number: **70529-511** |
| | **Benjamin J. LaBeau** |
| | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count | 1 |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1343 Wire Fraud. | 06/09/2023 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 30, 2025**
Date of Imposition of Judgment

Signature of Judge

**Susan P. Watters**
**United States District Judge**
Name and Title of Judge

**July 30, 2025**
Date

AO 245B (Rev. 10/21) Judgment in a Criminal Case

DEFENDANT:         JOELEE NOELL HOOVER
CASE NUMBER:       CR 25-32-BLG-SPW-1

# PROBATION

The defendant is hereby sentenced to probation for a term of: five (5) years.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
      release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐    The above drug testing condition is suspended, based on the court's determination that you pose a low
           risk of future substance abuse. (*check if applicable*)

4.    ☒    You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5.    ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §
           20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender
           registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
           (*check if applicable*)

6.    ☐    You must participate in an approved program for domestic violence. (*check if applicable*)

7.    ☒    You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
           (*check if applicable*)

8.    ☐    You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.    ☐    If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this
           judgment.

10.   ☒    You must notify the court of any material change in your economic circumstances that might affect your
           ability to pay restitution, fines, or special assessments.

      You must comply with the standard conditions that have been adopted by this court as well as with any
additional conditions on the attached page.

AO 245B (Rev. 10/21) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 6

DEFENDANT:        JOELEE NOELL HOOVER
CASE NUMBER:      CR 25-32-BLG-SPW-1

# STANDARD CONDITIONS OF PROBATION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at https://www.mtp.uscourts.gov/post-conviction-supervision.

Defendant's Signature _____    Date _____

AO 245B (Rev. 10/21) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 6

DEFENDANT:          JOELEE NOELL HOOVER
CASE NUMBER:        CR 25-32-BLG-SPW-1

## SPECIAL CONDITIONS OF PROBATION

1.  You must have no contact with victim(s) in the instant offense.

2.  All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

3.  While on supervision, you must fulfill all tax obligations in adherence to Internal Revenue Service requirements.

4.  You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other financial gains to outstanding court-ordered financial obligations.

5.  You must provide the probation officer with any requested financial information. You must not incur new lines of credit without prior approval of the probation officer. You must notify the probation officer of any material changes in your economic circumstances that might affect your ability to pay court-ordered financial obligations.

6.  You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

7.  You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

8.  You must pay restitution in the amount of $491,120. You are to make payments at a rate of $200.00 per month or more as otherwise directed by United States Probation. Payment shall be made to the Clerk, United States District Court, James F. Battin Courthouse 2601 2nd Avenue North Billings, Montana 59101 and shall be disbursed to: Lil' Buds Daycare, 1845 Cedar Street Forsyth, MT 59327 and ProCare Software, LLC, 1125 17th Street; Suite 1800 Denver, CO 80202.

9.  You must liquidate the following assets within sixty (60) days of the issuance of this Judgment: (1) the 2009 Honda Rancher 420; (2) the 2002 Kawasaki Prairie; and (3) the 2005 Polaris Ranger. The liquidation proceeds shall be credited to restitution.

AO 245B (Rev. 10/21) Judgment in a Criminal Case

DEFENDANT:      JOELEE NOELL HOOVER
CASE NUMBER:      CR 25-32-BLG-SPW-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | __Assessment__ | __JVTA Assessment**__ | __AVAA Assessment*__ | __Fine__ | __Restitution__ |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $ 0.00 | $ 0.00 | $.00 | $491,120.00 |

☐      The determination of restitution is deferred until    *An Amended Judgment in a Criminal Case*
         *(AO245C)* will be entered after such determination.
☒      The defendant must make restitution (including community restitution) to the following payees in the
         amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $491,120.00 to:

LIL BUDS DAYCARE INC.
$264,524.75

PROCARE SOFTWARE, LLC
$226,595.25

☐      Restitution amount ordered pursuant to plea agreement $
☐      The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
         the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be
         subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☒      The court determined that the defendant does not have the ability to pay interest and it is ordered that:
         ☒   the interest requirement is waived for the    ☐ fine            ☒ restitution
         ☐   the interest requirement for the          ☐ fine            ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 10/21) Judgment in a Criminal Case

DEFENDANT:      JOELEE NOELL HOOVER
CASE NUMBER:    CR 25-32-BLG-SPW-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payments of $ 100.00 due immediately, balance due

   ☐  not later than                      , or

   ☒  in accordance with    ☐  C,    ☐  D,    ☐  E, or    ☒  F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;
       or

D  ☐  Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
       imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
       from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
       time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
       **Criminal monetary penalty payments are due during imprisonment at the rate of not less than $25.00 per
       quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program.
       Criminal monetary payments shall be made to the Clerk, United States District Court, James F. Battin Federal
       Courthouse, 2601 2nd Ave North, Ste 1200, Billings, MT 59101 or online at
       https://www.pay.gov/public/form/start/790999918. Please see www.mtd.uscourts.gov/criminal-debt for more
       information.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

o   Joint and Several
     See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
     Several Amount, and corresponding payee, if appropriate.

     ☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same
     loss that gave rise to defendant's restitution obligation.
☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☐   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine
principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court
costs.